# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 16 CR 337 |
| ) | |
| v. ) | Hon. Ronald A. Guzmàn |
| ) | |
| ROSALINDA PEREZ and MANUELA ) | |
| CHAVEZ, ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Manuela Chavez's ("Defendant") motion for severance or, in the alternative, exclusion of her codefendant's confession at trial [105], is denied.

## STATEMENT

Defendant moves pursuant to Federal Rule of Criminal Procedure 14 to sever her trial from that of codefendant Rosalinda Perez's on two grounds: (1) Defendant's Sixth Amendment confrontation right will be compromised by the introduction of Perez's April 20, 2016 statement to law enforcement; and (2) the government's evidence against Perez is significantly stronger than its evidence against Defendant, creating the risk of a "spillover" effect that would prevent the jury from making a reliable determination as to Defendant's guilt or innocence.

The general rule is that joint trials of coconspirators are favored as more efficient and less likely to result in inconsistent verdicts. *See United States v. Jackson*, 860 F.3d 438, 447 (7th Cir. 2017). Separate trials of coconspirators would require the government to prove the same conspiracy element repeatedly for each coconspirator – a burdensome and inefficient proposition. Merely bringing together the same combination of witnesses on multiple occasions could pose an insurmountable obstacle for the prosecution in certain cases.

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Defendant's argument, in part, presents a confrontation-right issue as discussed in *Bruton v. United States*, 391 U.S. 123 (1968). "A *Bruton* violation occurs only if the confession of a non-testifying co-defendant facially incriminates the non-confessing co-defendant." *United States v. Spagnola*, 632 F.3d 981, 988 (7th Cir. 2011). In *Bruton*, the codefendant's confession expressly implicated the defendant as his accomplice. That is a far cry from the case at bar, in which Perez's statement does not name or refer to Defendant or contain references to unidentified individuals that the jury would invariably conclude were references to Defendant. On the contrary, Perez's statement to law-enforcement agents implicates herself and several others, but not Defendant; thus, in this context, Perez's statement is, if anything, favorable to Defendant. The Confrontation Clause is not implicated where a non-testifying codefendant does not facially incriminate the defendant. *Gray v. Maryland*, 523 U.S. 185, 195 (1998) (noting that "statements that incriminate inferentially" do not implicate *Bruton*). Thus, under a traditional *Bruton* analysis, there is no basis for severance or the suppression of Perez's statement.

Defendant contends, however, that when viewed in light of the holding in *Crawford v. Washington*, 541 U.S. 36 (2004), Perez's statement is inadmissible. The Court disagrees. *Crawford* holds that the Sixth Amendment bars the admission of testimonial hearsay against a criminal defendant unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Id*. at 54. The government has made it clear that it intends to

introduce Perez's statement only as evidence of Perez's guilt. Clearly, as against Perez, the statement is neither hearsay nor inadmissible. *Crawford* does not signal a departure from the rules governing the admission of a codefendant's confession in a multiple-defendant trial against the speaker defendant herself, which is not hearsay. *Crawford* involved the admission of an unavailable witness's out-of-court statement in a single-defendant trial, while the Court is currently called upon to address the admissibility of a codefendant's out-of-court confession against herself when she is tried jointly with another. The appropriate analysis in this context continues to be that provided by *Bruton* and its progeny. *See, e.g., United States v. Ramos-Cardenas*, 524 F.3d 600, 610 (5th Cir. 2008) (applying *Bruton* and finding no violation of the Confrontation Clause in the reading of a codefendant's redacted statement); *United States v. Rodríguez-Durán,* 507 F.3d 749, 768-70 (1st Cir. 2007) (separately analyzing admission of an out-of-court statement under both *Bruton* and *Crawford*); *United States v. Williams,* 429 F.3d 767, 773 n.2 (8th Cir. 2005) ("We note that *Crawford* did not overrule *Bruton* and its progeny . . . ."); *United States v. Lung Fong Chen,* 393 F.3d 139, 150 (2d Cir. 2004) ("[W]e see no indication that *Crawford* overrules *Richardson* or expands the holding of *Bruton.*"). Indeed, *Crawford* itself cites to *Bruton* as an example of the proper application of the Sixth Amendment right to confrontation in a multi-defendant setting:

> We similarly excluded accomplice confessions where the defendant had no opportunity to cross-examine. See Roberts v. Russell, 392 U.S. 293, 294-295, 88 S. Ct. 1921, 20 L. Ed. 2d 1100 (1968) (per curiam); Bruton v. United States, 391 U.S. 123, 126–128, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968).

*Crawford*, 541 U.S. at 67.

Defendant's contention that, despite a limiting instruction, Perez's statement will inculpate Defendant in the minds of the jurors because they will inevitably link the statement to the conspiracy evidence presented by the government, is foreclosed by *Richardson*, in which the

Supreme Court noted that "evidence requiring linkage differs from evidence incriminating on its face," "juries are presumed to follow their instructions," and that "[i]t would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings." *Richardson*, 481 U.S. at 208-10.

Defendant's reliance on *United States v. Schwartz*, 541 F.3d 1331 (11th Cir. 2008), is also misplaced. The decision in *Schwartz* was based upon a finding that the out-of-court statement so powerfully incriminated the defendant that its use was a violation of the defendant's Sixth Amendment confrontation right. *Id*. at 1352 ("By naming Schwartz's corporations after the jury had heard lengthy testimony regarding the extent of Schwartz's ownership and control of them, the codefendant statements compelled an inference against Schwartz even more forcefully than a statement that replaces a defendant's name with a neutral pronoun."). Here, however, the indictment does not involve the manipulation of financial transactions from one business to the other as a means of committing fraud, in which evidence that control of the business transactions implies participation in the fraud. Second, there appears to be no evidence that Defendant had sole control of the business or the business premises and, therefore, no invitation to conclude that because the business was involved, then Defendant also must have been. Third, as already noted, Perez's statement, while naming others involved in the conspiracy, significantly fails to name or otherwise implicate Defendant.[1] Thus, if anything,

---

[1] Indeed, in her statement, Perez describes how she came to be owner of the store but makes no mention of Defendant as a co-owner, stating only that Perez purchased the store when the previous owner for whom she worked, Jose Marin ("Jose"), passed away and she paid Jose's wife $80,000.00. Perez further describes in detail how she was first approached by her supplier, Jose, and how the transactions were structured. She indicates that she would contact "Jeff" and "Jay" to see if they wanted to purchase the heroin from her, and identifies photographs of Jeffrey Hayes and Jay Slater as the "Jeff" and "Jay" to whom she had sold narcotics. Perez also explains in detail how the transactions occurred when Jose was still alive and denies having any

Perez's statement could just as easily lead to the inference that Defendant was not involved in the narcotics trafficking.

Viewed in light of the facts and circumstances of this case, Perez's statement fails to compel the inference that Defendant was a coconspirator. Evidence linking Defendant to the conspiracy will come from an eyewitness to Defendant's own actions in furtherance of the conspiracy, who will be subject to cross-examination. The Court therefore finds no constitutional basis for severance or suppression of Perez's out-of-court statement. The Court will provide a limiting instruction to the jury at the appropriate time indicating that it may not consider Perez's statement against Defendant in any way. For these reasons, Defendant's motion for severance or, in the alternative, exclusion of Perez's statement, is denied.

**Date**: May 29, 2019

_/s/ Ronald A. Guzmán_

**Ronald A. Guzmán**
**United States District Judge**

---

part in those transactions, which took place in the store where she worked. Perez details the income from sales of goods at the store, how she handles the proceeds from the sale of merchandise, her salary, how she pays the utilities, and names all of her properties and sources of income. Nowhere is Defendant mentioned, much less as a participant in the narcotics transactions.