# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 16 CR 337 |
| v. | ) |
| | ) Hon. Ronald A. Guzmàn |
| MANUELA CHAVEZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to exclude evidence [115] is denied without prejudice.

## STATEMENT

Defendant Chavez moves to exclude heroin recovered from the August 16, 2015 drug transaction because the pretrial discovery shows that the heroin purportedly has been "tampered with." Chavez points out that the heroin from the August 16 transaction was obtained from a government informant a day after the alleged transaction took place. The heroin turned over by the informant had been repackaged from two packages to six packages and weighed approximately 45 grams less than the approximately 812 grams the informant believed he had purchased. This, Defendant argues, "suggests that [the informant] repackaged the drugs for distribution" prior to turning the drugs over to the FBI. Defendant's motion boils down to the contention that if the weight and packaging of the heroin have changed, it is no longer in substantially the same condition as it was at the time of the offense and, therefore, may not be admitted in evidence.

Defendant relies on cases addressing how the government must meet its burden under Federal Rule of Evidence 901, which requires the government to authenticate the heroin by

"produc[ing] evidence sufficient to support a finding that the item is what the [government] claims it is." Fed. R. Evid. 901. To admit the recovered drugs in evidence, the government must meet a dual-evidentiary threshold. First, the government must demonstrate that the object it is offering into evidence is what it purports to be; in this case, that the substance it is offering into evidence is the same substance that the informant purchased from Defendant's coconspirator on August 16, 2015. Only if this predicate is met does the Court concern itself with the second requirement – that the substance must be in substantially the same condition at trial as when it was delivered to the informant; the relevant condition being that the substance is heroin. If Defendant's representations are accurate, proof that the offered exhibit is the same substance the informant received from the defendant on August 16, 2015, i.e., authenticity, will likely require the testimony of the informant - as he had possession of the heroin from the time he purchased it from the defendant to the time he turned it over to the FBI. Thereafter, chain of custody evidence may be necessary to prove that the exhibit being offered at trial is the same substance that the informant turned over to the FBI and was subsequently tested at the forensic laboratory. Based upon this testimony, the Court must determine if there is "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Since the substance itself, heroin, is essentially fungible, one tends to differentiate one sample from another by its packaging. Thus, evidence of the change in containers, *i.e.*, from two bags to six, is probative of authenticity. It is not, however, proof of tampering with the substance itself. It is the powder, *i.e.*, the material inside the package, not the package itself, that is the evidence being offered. The same reasoning applies to the weight. Because of its fungible nature, we also often identify samples of heroin by quantity/weight. Thus, if its weight and

packaging are constant, it is more likely that it is the same heroin.  If the apparent change in weight can be explained, then authenticity may be established.

The government's second requirement is to establish that the object being offered is in substantially the same condition at the time it is offered as it was at the time of the offense. "Of course, when a tangible object is offered into evidence to prove its quality, character, or condition at the time of an earlier occurrence in issue, the article is relevant and competent only if its condition is substantially unchanged, so that its present condition fairly represents the past condition." *United States v. Skelley*, 501 F.2d 447, 451–52 (7th Cir. 1974).  This showing can be made through the direct testimony of those who have knowledge of the condition of the recovered substance when it was sold to the informant, when it was received at the government's laboratory, and its condition at the time it is offered.  Proof of the condition at the time it was received by the laboratory and its condition at the time of trial can also be accomplished by establishing a chain of custody.  The "condition" which must be proven to be substantially the same, however, is only that condition which is material to the probative value of the offered evidence. In this case, the only material condition is that the substance is heroin, a controlled substance.

In support of her motion for exclusion, Defendant relies on *Dodd v. State*, 537 So. 2d 626 (Fla. Dist. Ct. App. 1988), in which the court reversed a conviction after concluding that gross discrepancies in the recorded weights and packaging details of the drugs required that the evidence be excluded. But Defendant's analysis is incomplete because the *Dodd* court held that *unexplained* discrepancies between recorded weights and packaging details of drugs may require reversal.  *Id*. at 627-28.  As the *Dodd* court pointed out, the explanation given by the prosecution witnesses for the discrepancies was insufficient to convince the court that the substance tested by

3

the lab and presented in court was the same substance recovered from the defendant. Thus, while unexplained changes in packaging and weight can affect the determination of *authenticity*, such changes alone cannot establish that the recovered substance is not in substantially the same condition as when it was recovered because neither weight nor packaging is a material element of the offense charged. Only material changes in the condition of the offered evidence would bar its admission. "Authentication of real evidence requires a showing that the thing is what it purports to be—for example, that the exhibit in court is actually the weapon taken from the defendant. The exhibit must not only be the same physical object, but it must not be significantly changed. This does not mean that it cannot be changed in respects that can be explained or understood by the jury. Thus, counterfeit money that has faded or changed color would be admissible if otherwise authenticated." Roger Park, Trial Objections Handbook 2d § 9:30.

Once authenticity is determined, materiality, as is relevant here, hinges on whether the substance is proven to be a controlled substance, *i.e.*, heroin, not its weight or packaging. In *Skelley*, Defendant objected to the admission of counterfeit $20 bills, which had changed color after being tested for fingerprints. *Skelley*, 501 F.2d at 451. The Seventh Circuit affirmed the trial court's overruling the objection, explaining that "no change in color could destroy the relevance of the bills to show their counterfeit character from the identity of serial numbers, and their competence as evidence for this purpose is unimpaired by the unexcluded possibility of a change in color." *Id*. *See also United States v. Cardenas*, 864 F.2d 1528, 1532 (10th Cir. 1989) (concluding that cocaine was properly admitted at trial without the brown paper bag in which it was found because "[n]o evidence elicited at trial pointed to the alteration of the cocaine itself; and so long as the relevant features remain unaltered, the evidence is admissible. Here,

defendants were charged with and convicted of possession of cocaine, not possession of the brown paper bag. The absence of the brown paper bag is irrelevant to the evidentiary value of the cocaine."); *United States v. Berry*, 599 F.2d 267, 269 (8th Cir. 1979) (addressing a similar objection in a counterfeiting case, stating that "[w]hile the appearance of the bills may have affected their probative value on the issue of intent, we hold that the court did not err in their admission. The bills were relevant, despite their changed color, on the issues of whether they were counterfeit and whether they were the bills passed by [the defendant]. . . . The prosecutor apparently explained the reason for the purplish color in his opening argument, and the bills were admitted only after an explanation for their changed color was elicited from witnesses by the prosecutor. Witnesses who testified that they immediately recognized bills as counterfeit based their conclusions largely on the bills' unusual margins").

In the case before us, the changes in condition of the recovered property reflected in the present record, *i.e.*, its packaging and weight, are insufficient to foreclose either a finding of authenticity or a finding that the substance itself is in substantially the same condition as when recovered from Defendant's co-conspirator. For this reason, the motion to exclude the recovered heroin is denied without prejudice. A determination as to authenticity and admissibility will be made at the time the exhibit is offered in evidence, if a timely objection is made.

Date: June 5, 2019

_____
**Ronald A. Guzmán**
**United States District Judge**